United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARD OF TRUSTEES; FRED INMAN, AND CHARLES DEL MONTE AS TRUSTEES; AND DISTRICT 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NEHEMIAH BROWN, JR., individually and dba NB DRYWALL COMPANY.<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 06-07509 WHA<br><br>**ORDER GRANTING ENTRY OF DEFAULT JUDGMENT** |

**INTRODUCTION**

In this ERISA action, plaintiffs have applied for entry of default judgment against defendant, who has never appeared in this action. A review of the *Eitel* factors favors entry of default judgment in this case. As such, both plaintiffs' application for entry of default judgment for an injunction and plaintiffs' request for attorney's fees and costs are **GRANTED**. Plaintiffs' application for entry of default judgment with respect to liquidated damages and interest, however, is **DENIED WITHOUT PREJUDICE**.

**STATEMENT**

On December 7, 2007, plaintiffs filed a complaint seeking damages and injunctive relief. The complaint primarily alleged a breach of a collective-bargaining agreement governed under Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and Section 301 of the Labor Management Relations Act, 29 U.S.C. 185. The complaint and declarations accompanying plaintiffs' application for default judgment allege as follows.

At all times material herein, plaintiffs had been trustees of the pension funds and employee benefit plans established under the LMRA and ERISA. These organizations and the terms of their trust agreements were recognized by a master agreement between District Council No. 16 of the International Union of Painters and Allied Trades and the Northern California Drywall Contractors Association ("bargaining agreement"). Plaintiffs as trustees were to ensure that employer contributions to these funds were fully and correctly made pursuant to the applicable agreements (Compl. ¶¶ 1, 2, 11–13, Kaplan Decl. ¶¶ 3–4).

Defendant Nehemiah Brown, Jr., dba NB Drywall Company, is an employer who on September 4, 2003, became a signatory to the bargaining agreement. He thereby agreed to be bound by its terms and to the terms of the trust agreements incorporated by reference therein. Specifically, defendant agreed that he would (1) pay contributions to the "trust office" in regular monthly installments due on the "first day of each month for the monthly payroll period immediately preceding;" (2) pay liquidated damages if the monthly installment was not paid by the fifteenth day of the month; (3) pay all reasonable expenses including attorney's and accountant's fees and court and collection costs upon default in payment; (4) submit monthly contribution reports to plaintiffs; and (5) allow for an on-premise audit upon any plaintiff's written notice (Compl. ¶¶ 3, Kaplan Decl. ¶¶ 3–4, Application Exh. A, B).

On January 19, 2006, plaintiffs sent defendant a letter demanding that he turn over certain itemized payroll documentation and submit to an audit of his records for the period of January 2004 to January 2006. Plaintiffs sent two more demand letters in June and October of that year. In those letters plaintiffs also informed defendant of his legal obligation to comply with their requests. Plaintiffs' auditors also made numerous calls during this period.

Despite plaintiffs' attempts to enforce the terms of the bargaining agreement, defendant refused to provide the requested records or permit an audit. In addition, defendant failed to "report or pay any contributions due" to plaintiffs for March of 2006 (Compl. ¶ 16).

As a result, plaintiffs commenced this action on December 7, 2006. Plaintiffs sought to compel defendant to act in accordance with the terms of the bargaining agreement by submitting to an audit and paying any subsequently determined contributions owed, liquidated damages, and attorney's fees and costs. Plaintiffs personally served defendant with the summons and complaint on December 14, 2006. Defendant did not serve plaintiffs with responsive pleading or appear in the action. Subsequently, the Clerk entered the defendant's default on January 17, 2007, pursuant to plaintiffs' request (Compl. ¶¶ 16–17).

Plaintiffs now request a default judgment be entered for (1) a mandatory injunction compelling defendant to comply with their audit requests and to pay any resulting employee benefit contributions found due; (2) liquidated damages and interest on all due and delinquent contributions; and (3) $2,850.25 in attorney's fees and $415.00 in costs incurred in this action. In all, plaintiffs request that their motion be granted so that they may compel defendant to submit to an audit and determine the extent of his delinquent contributions. Only then would plaintiffs seek contribution damages if defendant refused to comply with their demands for payment. In their motion, plaintiffs fail to specify the amount of liquidated damages or interest they seek (Compl. ¶¶ 17–19, Mot. for Default J. 2–4, Kaplan Decl. ¶¶ 3–4).

**ANALYSIS**

Under FRCP 55(b)(2), a party may apply to a district court for entry of judgment by default. Whether to grant a motion for default judgment is within the discretion of the district court. In the Ninth Circuit, a court is to consider the following factors in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  After evaluating plaintiffs' submissions, these factors favor entry of default judgment in this action.

    **1.**    **INJUNCTIVE RELIEF.**

        **A.**    **Merits and Sufficiency of Complaint.**

Plaintiffs allege that defendant breached the bargaining agreement and now bring this motion for default judgment to compel defendant to act in accordance with its terms.  As such, this is a breach of contract claim for the purpose of determining the merits and sufficiency of the complaint.

"[T]he general rule is that well-plead allegations in the complaint regarding liability are deemed true," except as to the amount of damages.  Additionally, the district court is "not required to make detailed findings of fact."  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Thus, there can be generally no dispute as to the material facts presented in the complaint.  Consequently, this order finds that *Eitel* factors two, three, and five weigh in favor of entry of default judgment.[*]

To prevail in an action for breach of contract, plaintiffs must show that (1) there is a contract, (2) plaintiff performed, (3) defendant breached, and (4) there is resulting damage. *See Careau & Co. v. Sec. Pac. Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990). *First*, the complaint sufficiently alleged that the bargaining agreement was a contract that bound defendant to its terms and the terms of the trust agreements referenced therein. Defendant's signature on the agreement is attached to plaintiffs' motion and supports this contention (Exh. A-6).  *Second*, the complaint alleged that plaintiffs performed their obligations under the agreement by demanding that defendant provide the payroll documentation for inspection and permit an on-premise audit.  *Third*, the complaint alleged that defendant breached the contract by not complying with the terms of the agreement.  Defendant was

---

[*] This order also notes that defendant is not an infant or an incompetent person and is not in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  The Court has personal jurisdiction over defendant, as defendant was served with the summons and complaint within this jurisdiction as attested to in the declarations.  *See Burnham v. Superior Court*, 495 U.S. 604, 610–11 (1990). Subject-matter jurisdiction also exists under 28 U.S.C. 1331.

4

obligated to submit monthly contribution reports detailing the hours worked by each of his employees covered by the bargaining agreement (or indicate that no such hours were worked), pay contributions, and submit to an audit at plaintiffs' request. Plaintiffs alleged that defendant willfully breached these obligations in refusing to submit to an audit and failing to report or pay contributions due for March of 2006. *Fourth*, the complaint alleged that defendant's refusals to permit the examination of records constituted harm because it barred plaintiffs from performing their obligation in determining whether defendant paid his required contributions. As such, there is a strong showing on the merits of plaintiffs' substantive claims, the complaint is well-plead, and there is little possibility of dispute over material facts. *See Eitel*, 782 F.2d at 1471–72.

### B.     Remaining Factors.

On balance, the remaining *Eitel* factors also favor entry of default judgment for injunctive relief. Plaintiffs sent demand letters to defendant and even received confirmation that he received those letters. Yet, defendant never responded. Then, after being properly served with the complaint and the notice of default, defendant refused to litigate this action. Considering defendant's alleged history of willful noncompliance with plaintiffs' demands, therefore, it is unlikely that the default was the result of his excusable neglect. Although federal policy generally favors decisions on the merits, FRCP 55(b) permits entry of default judgment in situations such as this where the defendant refuses to litigate.

Additionally, plaintiffs merely seek an injunction to compel defendant to comply with an agreement by which he was already bound; they are not seeking an outrageous or speculative monetary award. The only monetary awards plaintiffs do request — the attorney's fees and costs — are inherently reasonable under the circumstances. As such, there is no concern that a large, unreasonable monetary judgment will negatively impact defendant in this case. Also, plaintiffs have demonstrated that they will be prejudiced if defendant continues to refuse to submit to an audit, provide monthly reports, or contribute to the trust funds.

5

The above consideration of the *Eitel* factors favors entry of default judgment. Plaintiffs' motion for entry of default judgment for an injunction compelling defendant to comply with their audit requests is **GRANTED**.

### 2. ATTORNEY'S FEES, COSTS, AND LIQUIDATED DAMAGES.

Plaintiffs claim that they are entitled to attorney's fees, costs, and liquidated damages as a matter of law. While this order disagrees with the alleged mandatory nature of such damages, fees and costs, it does find that reasonable attorney's fees and costs incurred should be granted.

ERISA provides:

> (g) Attorney's fees and costs: awards in actions involving delinquent contributions:
>
>   (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
>   (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce *section 1145* of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>     (A) the unpaid contributions,
>
>     (B) interest on the unpaid contributions,
>
>     (C) an amount equal to the greater of —
>
>       (i) interest on the unpaid contributions, or
>
>       (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>     (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. 1132(g)(2). Section 1145 states that every employer obligated to make contributions to a multi-employer plan under a collective bargaining agreement "shall make such contributions in accordance with the terms and conditions of such a plan." The Ninth Circuit has determined that an award of fees, costs and liquidated damages under Section 1132(g)(2)

6

1  is *mandatory* only if (1) the employer is delinquent at the time the action is filed; (2) the district
2  court enters a judgment against the employer; and (3) the plan provides for such an award.
3  *Nw. Adm'rs, Inc. v. Albertson's Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).  Even if such attorney's
4  fees and costs are not mandatory, however, they may be granted at the district court's discretion
5  for any action brought under Section 1132, which includes actions brought by trustees seeking
6  to enforce the terms of the plan.  *See* 29 U.S.C. 1132(a)(3), (g)(1).

### *(1)  Liquidated Damages and Interest.*

Plaintiffs' motion for default judgment on the issue of liquidated damages and interest is premature.  A determination of the underlying delinquent contributions is a prerequisite to calculating liquidated damages and interest.  Plaintiffs have not made such a determination yet. According to their motion and supporting declarations, plaintiffs need to first audit defendant before they can determine the amount owed.  Nowhere do plaintiffs cite authority supporting the proposition that a district court must award liquidated damages following a judgment granting an injunction where no contribution deficiencies have yet been determined.  As such, this order finds no basis to award liquidated damages or interest under Section 1132(g)(2)(C) until plaintiffs have calculated defendant's underlying contributions owed.

In reality, plaintiffs request a default judgment that acts as a blank check for liquidated damages and interest.  Plaintiffs request the Court's permission to fill in the amount of that "check" when they later determine the contributions due.  Plaintiffs seek a judgment granting them liquidated damages and interest awards with the right to enforce — through a court order — the exact amount of liquidated damages and interest they later determine. Plaintiffs have not made an adequate showing that they are entitled to such an award at this time or that the district court has the ability to grant plaintiffs such unchecked power.

The bargaining agreement already provides a basis for plaintiffs to collect liquidated damages and interest under its provisions.  Plaintiffs may demand that defendant comply with those provisions once they determine the amount of damages owed.  If defendant fails to comply at that time, plaintiffs may seek to enforce the determined amount at that time.

7

For these reasons, plaintiffs' motion for default judgment on the issue of liquidated damages and interest is **DENIED WITHOUT PREJUDICE**.

### *(2)* *Attorney's Fees and Costs*.

Plaintiffs are not entitled to *mandatory* attorney's fees and costs. This order finds, however, that a discretionary award of such fees and costs is warranted under ERISA. 29 U.S.C. 1132(g). For the following reasons, plaintiffs' request for attorney's fees and costs is **GRANTED**.

*First*, though plaintiffs meet the first and third requirements of the Ninth Circuit's test for mandatory attorney's fees and costs, outlined above, they fail on the second requirement. *See Nw. Adm'rs, Inc.*, 104 F.3d at 257. While plaintiffs' complaint constitutes an action to enforce Section 1145, this order does not constitute a judgment in favor of plaintiffs, awarding them damages as the prevailing party on that claim. *See ibid.*; 29 U.S.C. 1132(g)(2). Plaintiffs' own assertions support this conclusion. In summarizing the mandatory provisions of Section 1231(g)(2), plaintiffs state, "[u]pon entry of judgment in favor of plaintiffs, *and upon finding of contributions due and owing for the audited period*, interest, liquidated damages and attorneys fees and costs must be awarded pursuant to ERISA" (Mot. Default J. 4). Plaintiffs do not know the exact contribution owed by defendant. This order is only a judgment granting plaintiffs motion for default judgment for an *injunction to compel defendant to comply with provisions of the bargaining agreement*, not an award of damages or a finding that certain contributions are in fact owed. Additionally, plaintiffs have not pointed to any terms of the bargaining or trust agreements that specifically require defendant to pay such attorney's fees and costs in an action to secure compliance with plaintiffs' audit and document production demands.

Under Section 1132(g)(1), however, attorney's fees and costs may be awarded at the Court's discretion. Because this order grants plaintiffs' motion for default judgment with regard to the injunction and plaintiffs have sufficiently verified the amount of attorney's fees and costs they have accrued, this order finds that plaintiffs are entitled to the reasonable fees

8

and costs requested (Kaplan Decl. ¶ 7). As such, plaintiffs' request for fees and costs in the amount of $3,265.25 is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' application for entry of default judgment for an injunction and attorney's fees and costs is **GRANTED**. Plaintiffs' application for entry of default judgment with respect to liquidated damages and interest is **DENIED WITHOUT PREJUDICE**. In accordance with this order's injunction defendant shall:

    1.    Provide plaintiffs with the March 2006 report; and

    2.    Make records immediately available to plaintiffs for an audit of the records for the time period of January 1, 2004, to present in accordance with the provisions set forth in the bargaining and trust agreements.

The plaintiffs must serve defendant with this order in a manner to ensure notice. Only after such service will this Court have jurisdiction to hold defendant in contempt for failing to comply with its terms.

**IT IS SO ORDERED.**

Dated: May 3, 2007.

                                                                    WILLIAM ALSUP
                                                                      UNITED STATES DISTRICT JUDGE