IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NEHEMIAH BROWN JR., individually and dba NB DRYWALL COMPANY,<br><br>  Defendants.<br>_____ / | No. C 06-07509 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

This action was filed on December 7, 2006. The complaint primarily alleged a breach of a collective-bargaining agreement governed under Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and Section 301 of the Labor Management Relations Act, 29 U.S.C. 185. Defendant Nehemiah Brown failed to appear or otherwise defend the action and the Clerk entered default on January 17, 2007. Plaintiffs then moved for default judgment to compel an audit of Brown's records. That motion was granted and defendant was ordered to submit to the audit as well as pay certain attorney's fees and costs. Defendant failed to comply with the order.

The Court then issued an order scheduling a date for an audit of defendant's records and setting an evidentiary hearing so that both sides could present witness testimony regarding the events surrounding the earlier failure to comply with the audit. Brown did not appear at the evidentiary hearing despite having been given notice of the hearing date, as well as its purpose. After calling defendant at or about the scheduled time of the hearing, he stated that he "forgot"

1  and informed the Court that he would not be able to attend even after the Court offered to
2  extend the hearing time by a half-hour.  Subsequently, plaintiffs' motion for relief was granted
3  and defendant was ordered to pay plaintiffs' fees and costs associated with the motion within
4  ten days.  After defendant failed to pay the sum within the ten days, plaintiffs requested the
5  Court to:  (1) issue a revised order against defendant in the amount of $20,772.48, representing
6  the total amount of plaintiffs' fees and costs associated with the case; (2) issue a bench warrant
7  if defendant did not pay by a specified date; and (3) order that a writ of execution be issued for
8  the $20,772.48, plus 4.23% annum interest.  In an order dated November 20, which was
9  properly served, defendant was ordered to show cause by November 30 why plaintiffs' request
10 should not be granted.  Defendant failed to respond to the order.  Defendant was then ordered to
11 pay the sum of $20,772.48 plus 4.23% annum interest and a writ of execution was issued.  No
12 bench warrant was issued.
13     In its efforts to collect the attorney's fees awarded, plaintiffs levied several banks and
14 contractors for which "NB Drywall Company" had performed work for in the past.  Plaintiffs
15 were then informed by one such bank that there was confusion as to the levy because it was
16 directed at "NB Drywall Company" when they were currently dealing with "NB Drywall LLC."
17 Plaintiffs then learned that the contractor's license for NB Drywall Company had been revoked
18 and that NB Drywall LLC had no contractor's license at all.  NB Drywall Company and NB
19 Drywall LLC both had the same business address.  That address was the same location where
20 the Court previously ordered the audit to be performed.  Plaintiffs then attempted to contact
21 Brown, but his fax and phone lines were disconnected.
22     Plaintiffs then sought an entry of a judgment by default ordering defendant to make
23 payments for:  (1) employee benefit contributions due and unpaid; (2) the liquidated damages
24 and interest incurred thereon; (3) auditor's fees and costs; (4) attorney's fees and costs incurred
25 in this action.  Brown filed no opposition to the motion, but appeared at the hearing informing
26 the Court and plaintiffs' counsel that he had some additional documents that were not reflected
27 in the audit report.  Plaintiffs' counsel was requested to update her judgment request to take into
28 account the newly-produced documents.  In addition, the Court advised Brown that if he failed

to either file any opposition to plaintiffs' motion or to make an appearance in this matter that plaintiffs' motion would be granted. Brown has failed to undertake either obligation. The total amount requested by plaintiffs comes out to $167,296.51. Plaintiffs also request that judgment be entered against NB Drywall LLC and all other related "NB Drywall" entities. Again, no opposition has been filed.

In actions brought for collection of unpaid contributions, ERISA authorizes an award of audit fees, liquidated damages, interest on delinquent and unpaid contributions, and attorney's fees and costs. ERISA Section 502(g), 29 U.S.C. 1132(g), states:

> (g) Attorney's fees and costs: awards in actions involving delinquent contributions:
>
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce *section 1145* of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of —
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

Section 1145 states that every employer obligated to make contributions to a multi-employer plan under a collective bargaining agreement "shall make such contributions in accordance with the terms and conditions of such a plan."

3

The record here is clear that Brown has attempted to avoid any and all liability from the outset of litigation. In making this effort, Brown has on several occasions completely disregarded this Court's orders. This Court has, on several occasions, bent over backwards to accommodate Brown. Now it appears as though Brown has engaged in some type of elaborate shell game so as to avoid all levies and presumably to hide his assets. In light of Brown's egregious conduct, all of plaintiffs' requested relief is **GRANTED**. Judgment in the amount of $167,296.51 (plus interest at the legal interest rate) will be entered against Nehemiah Brown, NB Drywall Company, NB Drywall LLC, and all other "NB Drywall" related entities.

**IT IS SO ORDERED.**

Dated: September 17, 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE